FILED18 OCT '17 14:35USDC-ORP

Robynne A. Fauley
12125 SE Laughing Water Road
Sandy, OR 97055
Tel: 503-381-6937
Plaintiff, Pro Se

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | CASE NUMBER: |
|---|---|
| ROBYNNE A. FAULEY,<br>PLAINTIFF<br><br>v.<br><br>MICHAEL W. MOSMAN;<br>MARCO A. HERNÁNDEZ;<br>ERICK J. HAYNIE, OSB NO. 982482;<br>GABRIELLE D. RICHARDS, OSB NO. 114992;<br>JEFFREY M. PETERSON, OSB NO. 115723;<br>PERKINS COIE LLP<br><br>DEFENDANTS | **3'17 CV 1656-HZ** |
| FILED CONCURRENTLY WITH:<br>EXHIBIT 1: Perjured Grant Hamilton Declaration<br>EXHIBIT 2: Instrument #xxx<br>EXHIBIT 3: Instrument #xxx<br>EXHIBIT 4: Instrument #xxx<br>EXHIBIT 5: Instrument #xxxx<br>EXHIBIT 6: Instrument #xxxx | CIVIL RIGHTS COMPLAINT<br>PURSUANT TO 42 U.S.C. § 1983<br>and<br>*Bivens v. Six* Unknown Agents, 403 U.S.<br>388 (1971)<br><br>JURY DEMANDED |

Comes now Plaintiff, Robynne A. Fauley, self-represented, and for her Complaint against

Defendants and alleges as follows:

### JURISDICTION

1.      This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §

1331(a). Venue is proper in this District under 28 U.S.C. § 1391(b)(1).



PARTIES

2.      Plaintiff Fauley is an individual who is a citizen of Oregon, county of Clackamas.

3.      Defendant Michael W. Mosman is an individual who is a citizen of Oregon. He is a federal judge but is not being sued in his capacity as a judge but as a private citizen.

4.      Defendant Marco A. Hernández is an individual who is a citizen of Oregon. He is a federal judge but is not being sued in his capacity as a judge but as a private citizen.

5.      Defendant Jeffrey M. Peterson is an individual who is a citizen of Oregon and an attorney, OSB No. 115723, in the employ of Defendant Perkins Coie LLP ("Perkins Coie").

6.      Defendant Gabrielle D. Richards is an individual who is a citizen of Oregon and an attorney, OSB No. 114992, in the employ of Defendant Perkins Coie.

7.      Defendant Ercik J. Haynie is an individual who is a citizen of Oregon and an attorney, OSB No. 982482, in the employ of Defendant Perkins Coie. At all times relevant to the facts and claims herein Defendant Haynie was senior counsel and his signature is on all pleadings submitted to the court by Defendants Peterson and Richards.

8.      Defendant Perkins Coie LLP is a corporate law firm operating in Oregon. At all times relevant to the facts and claims herein Defendants Peterson, Richards and Haynie were in the employ of and acting as agents for Defendant Perkins Coie.


STATEMENT OF RELATED CASES AND REQUEST FOR CLASS CERTIFICATION

9.      This case is related to the following cases in this court:

> *Fauley v. Washington Mutual Bank FA et a*l: Case No. 3:13-cv-00581;
> *LNV Corporation v. Fauley*: Case No. 3:15-cv-01422-HZ.;
> *Subramaniam v. Beal et al*: Case No. 3:12-cv-01681;
> *LNV Corporation v. Subramaniam*: Case No. 3:14-cv-01836-MO

10.     Plaintiff and Ms. Subramaniam are members of a class.  They represent numerous members of that class but because they are pro se litigants they are treated differently than litigants represented by counsel and are unconstitutionally and discriminatorily barred from class action remedies and certification of the class pursuant to FRCP Rule 23 et seq. Plaintiff is therefore deprived of her civil rights.  She requests class certification and appointment of pro bono counsel with class action experience.

## REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL

11.     Defendants Hernández and Mosman deprived Plaintiff of her constitutional rights to due process of law and equal protection of law by acting in opposition to their constitutionally mandated oaths of office specific to their summary decisions in the aforementioned related cases.  They therefore acted outside the scope of the duties and obligations of their offices of public trust.  Their aforementioned summary decisions were not based on the Constitution and laws of the United States but on their personal biases against Plaintiff and Ms. Subramaniam as members of a class of homeowners defending their property rights against the false claims of wealthy politically powerful corporate litigants.  (Property rights are a cornerstone of the United States Constitution and are protected by the due process clauses in the Fifth and Fourteenth Amendments.)  The role of a judge in summary judgment is well established and recently reiterated by the United States Supreme Court in _Tolan v. Cotton_ 572 U. S. ____ (2014). Defendants Hernández and Mosman made determinations of fact in each of the aforementioned related cases and granted the moving party summary judgment against the preponderance of the evidence; hence they acted as individuals and not as federal judges.  As a result those summary decisions are void; and Defendants are not shielded from personal liability for the extraordinary injury their under color of law acts caused to Plaintiff.  The nature of this case and the risk Plaintiff will be deprived of her civil rights again warrants appointment of pro bono counsel experienced in civil rights. Her case should be consolidated with Ms. Subramaniam's similar cases against the same Defendants.

## FIRST CLAIM FOR RELIEF

12.     Plaintiff repeats and re-alleges Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13.     Plaintiff is the rightful owner of residential property valued at $599,000 located at 12125 SE Laughing Water Road, Sandy, OR 97055.  On 7/29/2015 LNV Corporation ("LNV") brought a fraudulent foreclosure action against Plaintiff in the U.S. District Court of Oregon, Case No. 3:15-cv-01422-HZ.  LNV lacked Article III standing to bring the action. Defendant Hernández presided over that case.  Defendant Mosman re-assigned himself to related Case No. 3:13-cv-00581 and issued a summary dismissal order against the preponderance of the evidence AFTER another judge recommended the case go to trial.  Had Defendant Mosman not done so; LNV would not have filed its fraudulent foreclosure action against Plaintiff and she would not have suffered injury.

14.     LNV filed a motion for summary judgment on 11/10/2015 in Case No. 3:15-cv-01422-HZ. At a hearing on 3/29/2016 Defendant Hernández was told by Plaintiff's former counsel Mr. Smith that Plaintiff disputed the authenticity of the document LNV claimed was the "original" Note.  Plaintiff obtained the official transcript of that hearing quoted here:

| | |
|---|---|
| MR. SMITH: | *...in terms of the actual note and whether the original is here or not. We have the affidavit of counsel stating the original is here, but the affidavit of counsel doesn't qualify counsel as a document examiner and to state that it is in fact the original note...Well, we've been asking since then to examine the note with a certified document examiner, and LNV has refused.* (Pg 16) |
| THE COURT: | *And do you have any reason to believe that it's not the original?* |
| MR. SMITH: | *...She does -- she has questions regarding whether it is in fact the original note, yes.* |
| THE COURT: | *Based on what?* |
| MR. SMITH: | *Based on her having seen it and it appearing to her as being a copy...It's in the record in her affidavit that she requests an opportunity to inspect the note.* (Pg 17-18) |

15.     Defendant Haynie misrepresented to the court that Ms. Fauley admits LNV has the "original" Note. The record shows she admitted no such thing. Instead she consistently asserted LNV's document is not authentic and she wanted it examined by a certified forensic document examiner.

16.     Plaintiff viewed and took photographs of the document LNV purports is the "original" Note. She observed numerous characteristics indicating it was a forgery. Among those characteristics were endorsements by known robo-signers Judy Faber and Denise Bailey, as well as suspect robo-signers Michael Mead, Jason J. Vecchio and Diane Meistad employed by GMAC, Ocwen and/or Litton, defendants in *United States of America et al. v. Bank of America Corp. et al*., Civil Action No. 12-0361, U.S. District Court for District of Columbia also known as the "USA and 49 State Attorney General lawsuit" that resulted in a multi-billion dollar settlement. Prima facie facts on recorded instruments: #2003-041141, #2007-038181, #2008-074676, #2008-074677, and #2012-023399 when compared with the undated endorsements on the suspect document LNV purports is the "original" note and its unattached allonges give weight to Plaintiff allegations that the document is a forgery and that LNV lacks Article III standing to bring a foreclosure action against her. Due process dictates that the Note should have been forensically examined by a qualified professional.

17.     Defendant Hernández conspired with the other Defendants to deprive Plaintiff of her Constitutional rights to due process of law and equal protection of law, and they did so deprive her. From the official transcript of the 3/29/2016 summary judgment hearing:

| THE COURT: | *We have a copy, as I recall, in our exhibits.* |
| MR. HAYNIE: | *A copy of the note?* |
| THE COURT: | *Yeah.* |
| MR. HAYNIE: | *Yes.* |
| THE COURT: | *I haven't seen the original, but I assume it looks just like the copy.* |
| MR. HAYNIE: | *Yes, I believe it does, Your Honor* |
| | *It's right here. I've looked at it. Mr. Peterson has looked at it. Here it is. It's the same.* |

THE COURT:     *Why don't you let me take a look at it.*
MR. HAYNIE:    Sure (handing).
**THE COURT:**     ***(Pause).***                    [Emphasis added]

18.    That pregnant pause undermines the unconstitutionality of Defendant Hernández's summary judgment decision.  The U.S. Supreme Court precedence in *Tolan v. Cotton* makes clear the role of a judge in summary judgment:

> *"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"*

19.    Defendants Hernández and Mosman knew, or should have known, the role of a judge in summary judgment (or dismissal) is not to make a determination of fact favoring the moving party, yet they willfully did so in Case Nos. 3:15-cv-01422-HZ, 3:13-cv-00581, 3:12-cv-01681, 3:14-cv-01836-MO, and in hundreds of other foreclosure related cases where they discriminatorily favored wealthy politically powerful corporate foreclosing parties contrary to a preponderance of evidence suggesting that foreclosing party lacked Article III standing to foreclosure.  The appearance is that Defendants Hernández and Mosman willfully discriminated against homeowners defending their property rights, particularly as pro se litigants; and in doing so conspired to deprive them of their constitutionally guaranteed rights to due process of law, equal protection of law and a jury trial through abuse of summary judgments.

20.    Governmental actors are "shielded from liability for civil damages **if** their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Tolan v. Cotton* quoting *Hope v. Pelzer*, 536 U. S. 730, 739 (2002). [Emphasis added].

21.    The summary orders of Defendants Hernández and Mosman in Case Nos. 3:15-cv-01422-HZ,. 3:13-cv-00581, 3:12-cv-01681, and 3:14-cv-01836-MO are void as a matter of law because they are contrary to the Constitution and the laws of the Unites States.  Therefore they must be vacated.

Defendants Hernández and Mosman share personal liability for the extraordinary injuries their biased and unconstitutional acts and decisions caused Plaintiff to suffer.

## SECOND CLAIM FOR RELIEF

22.    Plaintiff repeats and re-alleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.    Defendants Haynie, Richards, and Peterson are attorneys and officers of the court.  They are bound by the OREGON RULES OF PROFESSIONAL CONDUCT.  Rule 1.2(c) states:

> *A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is illegal or fraudulent…*

24.    Defendants Haynie, Richards, and Peterson represented LNV in a foreclosure action against Plaintiff: i.e. Case No. 3:15-cv-01422-HZ; and in a related foreclosure action against Ms. Subramaniam, i.e. Case No. 3:14-cv-01836-MO. Defendants initially filed the foreclosure action against Plaintiff in the Circuit Court for the State of Oregon in and for the County of Clackamas, Case No. CV15040532 while they filed LNV's foreclosure action against Ms. Subramaniam in this court, i.e. Case No. 3:14-cv-01836-MO.  The intent was to keep the related cases separated between state and federal courts because Defendants knew these two cases were related.  In Case Nos. 3:13-cv-00581 and 3:12-cv-01681 both women alleged LNV and its servicer MGC Mortgage Inc. ("MGC" - both owned by Daniel Andrew Beal) engaged in fraudulent illegal mortgage/foreclosure activities.  Defendants conspired to separate the related foreclosure cases between state and federal courts to obstruct justice and deprive Plaintiff and Ms. Subramanian of their civil rights as victims of the same scheme and artifice to defraud.

25.    Pursuant to Uniform Commercial Code Articles 3 and 9 and *In re Veal*, 450 BR 897, 911 (B.A.P. 9th Cir. 2011) LNV is required to authenticate each endorsement in the conveyance chain once the endorsements are questioned. The endorsements on LNV's questioned "original" Note and allonges

when compared to the endorsements on the following recorded instruments show it is impossible for LNV

to have Article III standing to foreclose on Plaintiff's property:

> Instrument #2003-041141, recorded 4/3/2003, executed 7/29/2002 (See <u>Exhibit 1</u>);
> Instrument #2007-038181, recorded 5/3/2007, executed 4/11/2007 (See <u>Exhibit 2</u>);
> Instrument #2008-074676, recorded 8/31/2008, executed **10/27/2008** (See <u>Exhibit 3</u>);
> Instrument #2008-074677, recorded 8/31/2008, executed **3/10/2008** (See <u>Exhibit 4</u>);
> Instrument #2012-023399, recorded 4/17/2012, executed **3/10/2006** (**See** <u>Exhibit 5</u>).

26.    The first undated endorsement on the suspect note (see <u>Exhibit 6</u> attached hereto) bears the

signature of Brenda F. Brendle as Vice President of Washington Mutual Bank, FA ("WAMU") and

conveys the Note to Residential Funding Corporation ("RFC-Corp").  While the first recorded assignment

of deed of trust instrument #2003-041141 (see <u>Exhibit 1</u>) conveyed the note and deed of trust to

"Deutsche Bank Trust Company Americas as Trustee" on 7/29/2002.  If the first endorsement on the

suspect note was authentic it would have also been executed on 7/29/2002.  These two endorsements

cannot both be authentic.  Rules of evidence dictate that weight must be given to the dated recorded

assignment.  Additional evidence shows Brenda F. Brendle was in fact an employee of WAMU in 2002.

This supports Plaintiff's contention the purported note is a forgery.

27.    The second undated endorsement on the suspect note (see <u>Exhibit 6</u>) bears the stamped

signature of GMAC employee Judy Faber a known robo-signer (see <u>Exhibit 8</u>) as Vice President of RFC-

Corp conveying the note to "Deutsche Bank Trust Company Americas as Trustee."  Prima facie facts in

this endorsement are in direct conflict with the first endorsement.  The second recorded assignment, i.e.

instrument #2007-038181, <u>Exhibit 2</u>, bears the signature of known Litton robo-signer Denise Bailey as

Assistant Secretary of Residential Funding Company LLC ("RFC-LLC") and conveys the note and deed

of trust on 4/11/2007 from Wamu to RFC-LLC.  Prima facie facts on the recorded instrument directly

conflict with prima facie facts in both undated endorsements on the suspect note.

28.     The endorsement on the first undated unattached allonge bears the signature of GMAC employee Michael Mead as Limited Signing officer for "**Deutsche Bank Trust Company Americas as Trustee Company FKA Bankers Trust Company of California, N.A. as Trustee Residential Funding Company LLC formerly known as Residential Funding Corporation Attorney in Fact**." This convoluted self-serving suspect allonge purports to covey the note to "Residential Funding Company LLC" it also appears to be conveying from RFC-LLC to RFC-LLC.  Michael Mead also endorsed dozens of assignments from RFC-LLC to LNV executed on March 10, 2008 in related Beal victim cases and Plaintiff has additional evidence that sheds further doubt on the authenticity of this purported conveyance of the note.  The third recorded assignment, i.e. instrument #2008-074676, Exhibit 3, also bears the signature of Michael Mead and purports to convey the note and deed of trust from and to the same parties as the undated allonge bearing his signature.  The recorded assignment was executed on **10/27/2008**.

29.     The fourth recorded assignment, instrument #2008-074677 (Exhibit 4) bears the signature of GMAC employee Jeanne J. Smith as Assistant Vice President of "'Residential Funding Company LLC fka Residential Funding Corporation'" the name of the grantee is left blank. This assignment was re-recorded on 4/17/2012 as instrument #2012-023399 (Exhibit 5) to add "LNV Corporation" as the grantee. Prima facie facts on recorded instruments #2008-074676 and #2008-074676/#2012-023399 show it is IMPOSSIBLE for LNV to be holder of the note as claimed because RFC-LLC was not in a title position to convey the note and deed of trust on **3/10/2006**.

30.     On 11/10/2015 via the CM/ECF system Defendants Haynie, Richards, and Peterson filed into Case No. 3:15-cv-01422-HZ Doc. 24 the perjured declaration of MGC employee and Texas attorney Grant Adam Hamilton, Texas Bar ID: 24050711 attached hereto as Exhibit 7.  This declaration was made under penalty of perjury.  It is false in all respects. Defendants' intent for the material misrepresentations in this declaration was to win summary judgment by fraud; which they did.

31.    The discrepancies between prima facie facts on the purported "original" Note, allonges and recorded assignments are obvious and give rise to material facts that should have defeated LNV's motion for summary judgment; and would have except for the willful participation of Defendants Haynie, Richards, and Peterson in their client's scheme and artifice to defraud; and for Defendant Hernández's failure to perform his fiduciary duty; and but for his personal bias against Plaintiff.

## PRAYER FOR RELIEF

32.    Pursuant to 42 U.S.C. § 1983 Plaintiff is entitled to redress for the deprivation of her rights, privileges, and immunities secured by the Constitution and laws of the United States, and Defendants shall be liable to her as the party injured by their acts to so deprive her of those rights, privileges, and immunities.  Defendants Hernández's and Mosman's summary judgment rulings are contrary to the Constitution and the laws of the United States; and are therefore void.  Plaintiff prays this Honorable Court vacate and set aside the void summary judgment orders in Case Nos. 3:15-cv-01422-HZ and 3:13-cv-00581.  Defendants Haynie, Richards, and Peterson willfully misrepresented material facts with intent to defraud Plaintiff of her real property and win summary judgment through chicanery; and to defraud the United States by defiling the court with fraud upon the court perpetrated by officers of the court. Such fraud damages the reputation of the judiciary in the eyes of the public.

33.    Plaintiff has suffered loss of property valued at $550,000; attorney fees in excess of $80,000; other extraordinary injuries; and severe emotional distress as a direct result of Defendants' deprivation of her civil rights.  She prays this Honorable Court order Defendants to reimburse her for these injuries; vacate the void summary judgment orders; and for any other relief deemed fair and just.

Robynne A. Fauley
Self Represented

Dated: October 17, 2017

# EXHIBIT 1

After Recording Return To:
**PEELE MANAGEMENT CORPORATION**
ASSIGNMENT JOB #90822
P.O. BOX 30014
RENO, NV. 89520-3014
(775) 827-9600

WM Loan No.

THIS DOCUMENT WAS PREPARED BY:

WASHINGTON MUTUAL BANK, FA
P.O. BOX 44090
JACKSONVILLE, FL 32231-9930
ATTN: CUSTODIAL LIAISON BB-CL3

Clackamas County Official Records          2003-041141
Sherry Hall, County Clerk

$31.00

0045704320030041141006200028
M 70A    Cnt=1  Stn=1  ELIZABETH                04/03/2003 01:21:47 PM
$10.00 $11.00 $10.00

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

For good and valuable consideration, the sufficiency of which is hereby acknowledged, the undersigned,
**WASHINGTON MUTUAL BANK, FA**

36-005    4610
whose address is 7301 Baymeadows Way, Jacksonville, Florida 32256-6833.                          (GRANTOR)
By these presents does convey, grant, bargain, sell, assign, transfer and set over to:

Deutsche Bank Trust Company Americas as Trustee
3 Park Plaza, Sixteenth Floor, Irvine, CA 92614-8539          **(GRANTEE)**
the described Mortgage/Deed of Trust, together with the certain note(s) described therein with all interest, all liens and any rights
due or to become due thereon.

Said Mortgage/Deed of Trust is recorded in the County of   Clackamas State of   Oregon

Official Records on:
Original Mortgagor:          **ROBYNNE A FAULEY**

Original Loan Amount:          **$330,000.00**

Property Address:          **12125 SOUTHEAST LAUGHING WATER ROAD, SANDY, OR 97055**

Legal Municipality:                    SEE ATTACHED LEGAL DESCRIPTION
Document #: 2002-057800          BOOK:                    PAGE:
Recorded 6-20-02
Date:    **July 29, 2002**                    WASHINGTON MUTUAL BANK, FA

O. Simmons                    Witness          M. Free                    Assistant Vice President

D. Santana                    Witness          Lori A. Brown                    Assistant Secretary

STATE OF FLORIDA
COUNTY OF DUVAL
                                   29TH  day of  July , 2002

The foregoing instrument was acknowledged before me this
by *M. Free* and *Lori A. Brown*, *Assistant Vice President* and *Assistant Secretary* of Washington Mutual Bank, FA,
A Federal Savings Bank, on behalf of the corporation. He/She is personally known to me and did take an oath.

Regina W. Anderson
MY COMMISSION #DD045265 EXPIRES
October 12, 2005
Bonded Thru Troy Fain Insurance, Inc

Regina W. Anderson          Notary Public
State of Florida At Large
My Commission Expires:          October 12, 2005

Exhibit C
Page 1 of 11



Exhibit C
Page 2 of 11

Exhibit "A"

Parcel 1, Partition Plat nO. 1999-041, in the County of
Clackamas and State of Oregon




Exhibit C
Page 3 of 11

# EXHIBIT 2

7889719

FATCO. NO. 1016082-TO

Recording requested by:

When recorded mail to:

Litton Loan Servicing LP
4828 Loop Central Drive
Houston, TX 77081

Clackamas County Official Records
Sherry Hall, County Clerk                    **2007-038181**

                                                    $26.00
01098354200700381810010012    05/03/2007 10:09:23 AM

M-TDA    Cnt=1  Stn=10  LESLIE
$5.00 $11.00 $10.00

Space above this line for recorders use

TS # OR-07-79188-JB          Order # 3290940          Loan #

## Assignment of Deed of Trust

For value received, the undersigned corporation hereby grants, assigns, and transfers to WASHINGTON
MUTUAL BANK, FA all beneficial interest under that certain Deed of Trust dated 6/12/2002 executed by
**ROBYNNE A FAULEY**, as Trustor(s) to **STEWART TITLE GUARANTY COMPANY**, as Trustee and
recorded as Instrument No. **2002-057800**, on **6/20/2002**, in Book **xxx**, Page **xxx** of Official Records, in the
office of the County Recorder of **CLACKAMAS** County, **OR** together with the Promissory Note secured by
said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated:  APR 1 1 2007

Residential Funding Company, LLC

By _____     Denise Bailey
Assistant Secretary

State of _Texas_          )
                          ) ss
County of _Harris_        )

On APR 1 1 2007 before me, _____ Brenda F. McKinzy _____ the
undersigned Notary Public, personally appeared _____ Denise Bailey _____ personally known to me (or
proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Signature _Brenda F. McKinzy_ (Seal)

BRENDA F. MCKINZY
Notary Public, State of Texas
My Commission Expires
December 05, 2010

Exhibit C
Page 4 of 11

# EXHIBIT 3

Clackamas County Official Rec___'s
Sherry Hall, County Clerk                  **2008-074676**

01259537200800746760030037                 **$41.00**
                                   10/31/2008 02:17:25 PM
M-TDA      Cnt=1 Stn=10 ELIZABETH
$15.00 $16.00 $10.00

BC 619 513
This Document Prepared By and
After Recording Please Return To:
MGC Mortgage, INC.
Attn: Allison Martin, Manager
Document Control
7195 Dallas Parkway
Plano, Texas 75024

## CORRECTIVE ASSIGNMENT OF DEED OF TRUST
(This Assignment is being recorded to corrected chain of assignments.)

**Grantor:**   Deutsche Bank Trust Company Americas (formerly known as Bankers Trust
Company) as Trustee
1761 East St. Andrew Place, Santa Ana, Ca 92705

**Grantee:**   Residential Funding Company, LLC
One Meridian Crossings, Suite 100, Minneapolis, MN 55423

**Property Address:**   12125 Southeast Laughing Water Road, Sandy, OR 97055

**Legal Description: Parcel 1, Partition Plat No. 1999-041, in the County of Clackamas and
State of Oregon.**

BC:619513                            1

Exhibit C
Page 5 of 11

### ASSIGNMENT OF DEED OF TRUST

THIS ASSIGNMENT OF DEED OF TRUST (this "Assignment") is made by DEUTSCHE BANK TRUST COMPANY AMERICAS (formerly known as Bankers Trust Company) as Trustee, whose address is 1761 East St. Andrew Place, Santa Ana, CA 92705, ("Assignor"), to and in favor of RESIDENTIAL FUNDING COMPANY LLC., whose address is One Meridian Crossings, Suite 100, Minneapolis, Minnesota 55423 ("Assignee").

THIS ASSIGNMENT WITNESSES THAT, in consideration of Ten Dollars ($10.00) and other good and valuable consideration paid by Assignee, Assignor hereby assigns, transfers, sets over and conveys to Assignee and its successors and assigns, without recourse and without representation or warranty, whether express, implied or created by operation of law, except as expressly set forth in the Purchase Agreement, the following:

1.      that certain Deed of Trust from Robynne A. Fauley, dated June 12, 2002, and recorded June 20, 2002, as Instrument No. 2002-057800, in the Clerk's Office of the County of Clackamas, State of Oregon, (the "Deed of Trust"), which Deed of Trust secures that certain Promissory Note dated June 12, 2002, in the original principal amount of $330,000.00, executed by Robynne A. Fauley and payable to the order of Washington Mutual Bank, FA., as modified or amended (the "Note");

2.      Assigned to Deutsche Bank Trust Company Americas as Trustee by Assignment dated July 29, 2002, recorded on April 3, 2003, as Instrument No. 2003-041141, in the Clerk's Office of the County of Clackamas, State of Oregon.

3.      Assigned to Washington Mutual by Assignment dated April 11, 2007, recorded on May 3, 2007, as Instrument No. 2007-038181, in the Clerk's Office of the County of Clackamas, State of Oregon.

4.      as such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Deed of Trust and/or the Note and/or the loan evidenced by the Note, including without limitation the title insurance policies and hazard insurance policies relating thereto that are in effect.

BC:619513                                   2

Exhibit C
Page 6 of 11

**IN WITNESS WHEREOF,** Assignor has caused this Assignment to be executed and delivered by its Authorized Representative as of the 27th day of October, 2008.

Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company) as Trustee, Residential Funding Company, LLC formerly known as Residential Funding Corporation Attorney-in Fact

WITNESS: Pamela L. Spencer

By: _____
Name: Michael Mead
Title:   Limited Signing Officer

WITNESS: B. Zahn

**POA** recorded on 2/7/2003, as Instr. No. 2003-016512.

### ACKNOWLEDGMENT

STATE OF MINNESOTA        §
                          §
COUNTY OF HENNEPIN        §

Before me, the undersigned, a Notary Public, on this day personally appeared Michael Mead, who is personally well known to me (or sufficiently proven) to be the Limited Signing Officer of Residential Funding Company, LLC formerly known as Residential Funding Corporation and the person who executed the foregoing instrument by virtue of the authority vested in him/her, and he/she acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacities therein stated.

Given under my hand and seal this 27th day of October, 2008.

Notary Public, State of Minnesota
My commission expires: 01-31-2008

A F F I X  NOTARY SEAL

DIANE M. MUSTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2010

BC:619513

3

Exhibit C
Page 7 of 11

# EXHIBIT 4

# EXHIBIT 5

# EXHIBIT 6

# EXHIBIT 7

# EXHIBIT 5

Clackamas C___ __y Official ___ cords          _008-074677
Sherry Ha__ __unty Cle__

$36.00

012595382__   __0746770__   __27    10/3__  ___08 02:17:25 PM
M-TDA          Cnt=1  Stn=10 ELIZABETH
$10.00 $16.00 $10.00

Clackamas County Official Records       2012-023399
Sherry Hall, County Clerk

$52.00

01574444201200233990020029    04/17/2012 12:01:27 PM
M-TDA          Cnt=1  Stn=5 CONNIEBRO
$10.00 $16.00 $16.00 $10.00

This Document Prepared By and
After Recording Please Return To:
MGC MORTGAGE, INC.
Attn: Allison Martin, Manager
Document Control
7195 Dallas Parkway
Plano, Texas 75024

# ASSIGNMENT OF DEED OF TRUST

**Grantor:** **RESIDENTIAL FUNDING COMPANY, LLC**
**One Meridian Crossings, Suite 100, Minneapolis, Minnesota 55423**

**Grantee:** **LNV CORPORATION**
**7195 Dallas Parkway, Plano, Texas 75024**

**Property Address:** **12125 Southeast Laughing Water Road, Sandy, OR 97055**

**Legal Description: Parcel 1, Partition Plat No. 1999-041, in the County of Clackamas and State of Oregon.**

Re-recorded at the request of LNV Corporation
to add Grantee name & address on Original
Assignment.
Previously Recorded: 10/31/08, as Inst. No. 2008-074677

BC 619513__

Exhibit 4
Page 1 of 2



## CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number: ▉
Seller Loan Number: ▉



**FOR VALUE RECEIVED,** 'Residential Funding Company, LLC fka Residential Funding Corporation'

the undersigned hereby grants, assigns and transfers to   *LNV Corporation*
*7195 Dallas Pkwy*
*Plano, Tx 75024*

all beneficial interest under that certain Deed of Trust dated 6/12/2002

executed by ROBYNNE A FAULEY

TO/FOR:

and recorded in Book __n/a__ on Page __n/a__ as Instrument No. __2002-057800__ on __6/20/2002__
of official Records in the County Recorder's Office of __Clackamas__ County, Oregon.

Property Address:   12125 SE SOUTHEAST LAUGHING WA  SANDY, OR  97055
MORTGAGE AMOUNT:   $330,000.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

BY: _____
NAME: Jeanne J. Smith
TITLE: Assistant Vice President

STATE OF                           Minnesota )
COUNTY OF                          Hennepin )

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Jeanne J.
Smith, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

_Diane Meistad_
Notary Public in and for said State

[Notary Seal: DIANE M. MEISTAD / NOTARY PUBLIC - MINNESOTA / MY COMMISSION EXPIRES 01/31/2010]

(Area to right reserved for Recording)

WHEN RECORDED MAIL TO:

Prepared By and when recorded
Please return to: MGC Mortgage Inc.
Document Control Dept.
7195 Dallas Parkway
Plano, TX 75024
RC 44513

Exhibit 4
Page 2 of 2

# EXHIBIT 6

# NOTE

LOAN #: 4967689

JUNE 12, 2002                    PORTLAND                         OREGON
(Date)                          (City)                          (State)

12125 SOUTHEAST LAUGHING WATER ROAD, SANDY, OR 97055
(Property Address)

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $330,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is WASHINGTON MUTUAL BANK, FA.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.125%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1ST day of each month beginning on AUGUST 1, 2002. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on JULY 1, 2032, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
P.O. BOX 7198
PASADENA, CA 91109-7198
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $2,223.27.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

Initials: _____

MULTISTATE FIXED RATE NOTE–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3200 1/01
© 1999,2001 Online Documents, Inc.                    Page 1 of 2                    F3200NOT 0103

LOAN #: 4967689

**7.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Robynne A Pauley_ (Seal)
ROBYNNE A  PAULEY

PAY TO THE ORDER OF
RESIDENTIAL FUNDING CORPORATION
WITHOUT RECOURSE
WASHINGTON MUTUAL BANK, FA

BRENDA F. BREDDLE
VICE PRESIDENT

PAY TO THE ORDER OF
_____
Residential Funding Corporation
BY _____
Judy Faber, Vice President

[Sign Original Only]

MULTISTATE FIXED RATE NOTE–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3200 1/01
© 1999-2001 Online Documents, Inc.                    Page 2 of 2                         F3200NOT



BC: 619513

## NOTE ALLONGE

This Allonge is to be attached to and made a part of that certain Promissory Note made by Robynne A. Fauley, in the original principal amount of $330,000.00, dated June 12, 2002, and payable to Washington Mutual Bank, FA., as amended or modified (the "Note").

Pay to the order of Residential Funding Company, LLC, ("Assignee"), without recourse and without representation or warranty whether express, implied or created by operation of law.

DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee Company FKA Bankers Trust Company of California, N.A. as Trustee Residential Funding Company, LLC formerly known as Residential Funding Corporation Attorney-in Fact

By: _____

Michael Mead, Limited Signing Officer



ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS
ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL          0          LOAN ID          7889719

NOTE DATE          6/12/2002          LOAN AMOUNT          $330,000.00

BORROWER NAME:  ROBYNNE A FAULEY

PROPERTY ADDRESS:  12125 SE SOUTHEAST LAUGHING WA  SANDY, OR  97055

PAY TO THE ORDER OF

**LNV Corporation**

WITHOUT RECOURSE

Residential Funding Company, LLC

By:

Name: Jason J. Vecchio
Title: Post Funding Manager
Residential Funding Company, LLC

# EXHIBIT 7

**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Gabrielle D. Richards**, OSB No. 114992
GRichards@perkinscoie.com
**Jeffrey M. Peterson**, OSB No. 115723
JeffreyPeterson@perkinscoie.com
**PERKINS COIE** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff
LNV Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LNV CORPORATION**, a Nevada corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>**ROBYNNE A. FAULEY**, a citizen of the State of Oregon; and **U.S. BANK NATIONAL ASSOCIATION**,<br><br>       Defendants. | Case No. 3:15-cv-01422-HZ<br><br>DECLARATION OF GRANT A. HAMILTON IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

I, Grant A. Hamilton, declare as follows:

1.      I am the Vice President of Compliance and Operations of MGC Mortgage, Inc. ("MGC"). MGC is the authorized loan servicer for LNV Corporation ("LNV"), which is the plaintiff in this lawsuit. LNV and MGC are affiliated entities with common ownership. I am authorized by LNV and MGC to make this declaration and have primary responsibility for the administration of the residential loan that is the subject of this judicial foreclosure action.

2.      I am fully familiar with the facts and circumstances of this matter based upon my personal experience, knowledge of the history of the loan described herein, and my review of pertinent documents, including the various loan documents that are attached as exhibits hereto.

3.      MGC is a business. I am personally familiar with the asset management practices and procedures of MGC with regard to the servicing of mortgage loans, including record keeping as it pertains to custody of notes, mortgages, trust deeds, and other loan documents with respect to mortgage loans held by entities for whom MGC serves as servicer, including for LNV. MGC services mortgage loan accounts in the regular course of its business and makes, in the regular course of its business, records of the acts, transactions, custody of loan documents, events, and occurrences regarding and pertaining to the mortgage loans it services. In addition, MGC, in servicing mortgage loan accounts in the regular course of its business, utilizes records prepared by other agents of the holder of the loan documents, such as the custodian of certain loan documents and prior servicers or holders. Records of such acts, transactions, custody of documents, events, and occurrences are made at the time of the acts, transactions, events, and occurrences or within a reasonably prompt time thereafter.

4.      All of the exhibits that are attached hereto are maintained by MGC as business records in accordance with the procedures set forth in the preceding paragraph, in the ordinary course of business, or are operative legal documents setting forth the relationship between LNV as note holder and defendant Robynne A. Fauley ("Defendant") as borrower. I am also familiar with the allegations contained in the Complaint.

2-    DECLARATION OF GRANT A. HAMILTON IN SUPPORT OF
LEGAL128 3PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
80227.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

5.     I submit this declaration in support of LNV's motion for summary judgment on

its judicial foreclosure claim.  LNV seeks to foreclose a trust deed on the real property known as

Parcel 1, Partition Plat No. 1999-041, in the County of Clackamas and State of Oregon, more

commonly known as 12125 Southeast Laughing Water Road, Sandy, Oregon 97055 (the

"Property").  Defendant is the grantor of the trust deed and is the borrower on a note that is

secured by the trust deed.

**A.     The Loan to Defendant Fauley**

6.     On or about June 12, 2002, Washington Mutual Bank, FA ("WaMu") loaned

Defendant $330,000.00 (the "Loan").

7.     The Loan is evidenced by the Note in the amount of $330,000.00, dated June 12,

2002 and signed by Defendant (the "Note").  Attached as Exhibit 1 is a true and correct copy of

the Note and the subsequent allonges to the Note.  The original lender on the Note is WaMu, and

the borrower is Defendant.  As additional evidence of the Loan, attached as Exhibit 2 is a true

and correct copy of the HUD-I Settlement Statement for the Loan, which Defendant signed.

8.     Attached as Exhibit 3 is a true and correct copy of the Deed of Trust ("Trust

Deed").  The Trust Deed is dated June 12, 2002 and was signed by Defendant and recorded in

Clackamas County, Oregon on June 20, 2002 as Instrument Number 2002-057800.  The Trust

Deed secures, among other things, Defendant's repayment of the Note.  As the trustor of the

Trust Deed, Defendant granted and conveyed, in trust, the power of sale of the Property.  The

Trust Deed provides that WaMu is the beneficiary.

**B.     Transfer of the Note and Trust Deed to LNV**

9.     WaMu transferred the Note to Residential Funding Corporation by endorsing the

Note to the order of Residential Funding Corporation and delivering the Note to Residential

Funding Corporation. (Ex. 1, at 2.)  Residential Funding Corporation transferred the Note to

Deutsche Bank Trust Company Americas by endorsing it to the order of Deutsche Bank Trust

Company Americas and delivering the Note to Deutsche Bank Trust Company Americas. (*Id.*)

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Deutsche Bank Trust Company Americas transferred the Note to Residential Funding Company, LLC by endorsing it to the order of Residential Funding Company, LLC in an allonge and delivering the Note and allonge to Residential Funding Company, LLC. (*Id.* at 3.) Residential Funding Company, LLC transferred the Note to LNV by endorsing it to the order of LNV in an allonge and delivering the Note and allonges to LNV. (*Id.* at 4.) Litton Loan Servicing, LP was the loan servicer of the Loan for Residential Funding Company, LLC. LNV is now the note holder, and it has physical possession of the Note.

10.    On or about March 10, 2008, Residential Funding Company, LLC assigned its beneficial interest in the Trust Deed to LNV. A true and correct copy of the Corporation Assignment of Deed of Trust executed by Residential Funding Company, LLC ("Trust Assignment") and the Oregon State Recorder's cover sheet for the recordation thereof is attached hereto as Exhibit 4. The Trust Assignment was re-recorded in the official records of Clackamas County, Oregon on April 17, 2012 as Instrument Number 2012-023399. (Ex. 4, at 1.) Under the Trust Assignment, LNV is the current beneficiary of the Trust Deed.

**C.    Defendant's Default on the Note and Trust Deed**

11.    Under the Note, Defendant was required to make monthly payments on the first day of each month beginning on August 1, 2002. (Ex. 1, at 1.) The failure to pay the full amount of each monthly payment by the due date constituted a default. (*Id.*) Furthermore, Defendant was obligated to pay when due her debt on the Note under Section 1 of the Trust Deed. (Ex. 3, at 2.) The failure to make full and timely payments on the Note was a breach of the Trust Deed and a default thereon. (*Id.* at 2, 7.)

12.    Defendant did not pay the full amount of the monthly payment due on March 1, 2010. Attached as Exhibit 5 is a true and correct copy of the Payoff Statement for the Loan. Defendant's last payment on the Loan was in August 2012. The Payoff Statement shows that, as of October 30, 2015, the total amount to pay the Loan in full was $461,960.32 and that the unpaid principal balance was $297,689.08. (Ex. 5, at 1.)

4-    DECLARATION OF GRANT A. HAMILTON IN SUPPORT OF
LEGAL1283PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
80227.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

13.     In August 2012, MGC mailed a notice of default regarding the Note and Trust
Deed ("Notice of Default") to Defendant.  A true and correct copy of the Notice of Default is
attached hereto as Exhibit 6.

14.     The defaults under the Note and Trust Deed remain uncured to date.  As of
October 30, 2015, Defendant owed under the Note and Trust Deed the sum of $461,960.32 as of
October 30, 2015, consisting of principal in the amount of $297,689.08, interest at the rate of
7.125% in the amount of $121,877.24, escrow/impound overdraft of $27,291.70, unpaid late
charges of $2,182.70, a recoverable balance of $7,399.66, a BPO in the amount of $100.00, taxes
in the amount of $4,835.69, recording/assignment fee of $106.00, and a property inspection fee
of $478.25.  (Ex. 5, at 1.)

**D.     LNV is exempt from the Oregon Foreclosure Avoidance Program**

15.     Pursuant to the Oregon Foreclosure Avoidance Program, LNV submitted its
Beneficiary Exemption Affidavit ("Beneficiary Exemption"), as evidenced by the true and
correct copy of the Beneficiary Exemption attached hereto as Exhibit 7.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed on November *10*, 2015.

Grant A. Hamilton
Vice President, Compliance and Operations
MGC Mortgage, Inc.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DECLARATION OF GRANT A. HAMILTON IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** on the following:

Robynne A. Fauley
12125 Southeast Laughing Water Road
Sandy, OR 97055
email: ihomm@ihomm.org

to be sent by the following indicated method or methods, on the date set forth below:

| X | by **mail** and |

| X | by **email** |

DATED:  November 10, 2015

**PERKINS COIE** LLP

By:  s/ Jeffrey M. Peterson
**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Gabrielle D. Richards**, OSB No. 114992
GRichards@perkinscoie.com
**Jeffrey M. Peterson**, OSB No. 115723
JeffreyPeterson@perkinscoie.com
**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff
LNV Corporation

# EXHIBIT 8

https://www.nakedcapitalism.com/2010/09/improper-gmac-affidavits-leading-to-charges-of-document-fabrication-to-change-title.html

# Improper GMAC Affidavits Leading to Charges of Document Fabrication to Change Title

Posted on September 24, 2010 by Yves Smith

Ah, what a tangled web we weave when first we practice to deceive, said the bard.

And the web emanating from the GMAC affidavit improprieties extend much further than most may realize. Although GMAC continues to maintain that having its "robot signor" officers like Jeffrey Stephan provide affidavits on matters they know nothing about is a mere technical problem that they can remedy. In fact, an affidavit is a statement of someone with personal knowledge of a matter. Stephan signed as many as 10,000 documents a month and clearly could not have personal knowledge of the underlying situations. Deliberately preparing and submitting inaccurate documents in a legal proceeding is a fraud on the court, something most judges really really do not like.

Predictably, lawyers who are contesting foreclosures are jumping on the affidavit issue and using it to open up broader issues with foreclosures where GMAC was the servicer of the loan. For instance, this letter to a judge in South Carolina, a judicial foreclosure state, discusses not only the role of an apparent fellow robot signor of Stephan, one Jack Kerr, but more critically, another document provided in this case stamped (not signed) by one Judy Faber, also of GMAC. The Faber document transferred title to the party foreclosing in the case, so if the document is invalid, the plaintiff, in this case a Deutsche Bank trust, will lack standing to foreclose (legalese for "no tickie, no laundry"). Here is the critical section of the letter (on page 2):

Upon information and believe, Judy Faber has instructed document custodians in thousands of foreclosure cases to apply her stamped endorsement bearing her name after foreclosure commenced to an allonge and after a consumer had challenged the chain of title in the case. Upon information and belief, Ms. Faber and her document custodian team at facilities described in the Washington Post article attached to this letter have fabricated and changed title in thousands of foreclosure cases.

This takes a wee bit of unpacking. The pooling and servicing agreement, which governs who does what when in a mortgage securitization, requires the note to be endorsed (just like a check, signed by one party over to the next), showing the full chain of title, and the minimum conveyance chain is A (originator) => B (sponsor) => C (depositor) => D (trust). The note, which is the borrower's IOU, is the critical document in 45 states. The mortgage, which is the lien, is a mere accessory to the note and can be enforced only by the proper note holder (the legalese is "real party of interest").

The wee problem is that this apparently never done (I've been told one person trying to track down a particular note found it, at Countrywide. The guy who wandered down the

corridor to produce it from his files claimed that Countrywide kept all the notes on its deals, and would send them out on request when someone needed them in a foreclosure. If this is true, it indicates there are pervasive and not readily remedied problems. The required endorsements were never done).

Why is this serious? The cure for the mortgage documents puts the loan out of eligibility for the trust. In order to cure, on a current basis, they have to argue that the loan goes retroactively back into the trust. This is the cure that the banks have been unwilling to do, because it is a big problem for the MBS. So instead they forge and fabricate documents.

The letter in particular mentions an allonge. An allonge is a separate sheet of paper which is attached to a note to allow for more signatures, in this case, endorsements, to be added. Allonges have had a way of magically appearing in collateral files while trails are in progress (I've seen it happen in cases I was tracking; it's gotten so common that some attorneys warn judges to be on the alert for "ta dah" moments).

The wee problem with an allonge miraculously being discovered is that the allonges that show up are inherently in violation of UCC (Uniform Commercial Code) provisions (UCC has been adopted by all states, a few states have minor quirks, but the broad provisions are very similar).

An allonge is NOT to be used unless all the space on the original note, including the margins and the back side of pages, has been used up. This is never the case. Second, an allonge has to be so firmly attached to the original document as to be inseparable. Thus an allonge suddenly being discovered is an impossibility (well impossible if it were legit), yet it seems to happen all the time.

So as much as GMAC and its fellow servicers no doubt hope there little document mess will fade from public view, attorneys are using it as a new weapon to fight questionable foreclosures or force servicers to negotiate principal mods, which investors like Wilbur Ross (the antithesis of a charity, he's a very successful distressed investor) have found to be a win/win.