UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| ROBYNNE FAULEY, | CASE NO. 3:17-cv-01656-RJB |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, DISMISSING SOME CLAIMS, AND ORDERING PLAINTIFF TO SHOW CAUSE WHY REMAINING CASE SOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| MICHAEL W. MOSMAN, MARCO A. HERNADEZ, ERICK J. HAYNIE, GABRIELLE D. RICHARDS, JEFFERY M. PETERSON, PERKINS COIE, LLP, | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiff Robynne Fauley's motion for appointment of counsel, which was improperly included in Plaintiff's Complaint (Dkt. 1), but in the interest of efficiently managing the case, will be considered. The Court has reviewed the motion, the Complaint, the remaining file, and is fully advised.

For the reasons discussed, Ms. Fauley's motion for appointment of counsel (Dkt. 1) should be denied. Ms. Fauley's claims against U.S. District Court Judges Michael W. Mosman and Marco A. Hernandez should be dismissed for failure to state a claim. Further, Ms. Fauley

1   should be ordered to show cause, in writing, if any she has, why her claims under 42 U.S.C. §

2   1983 against Defendant private attorneys Erick J. Haynie, Gabrielle D. Richards, and Jeffrey M.

3   Peterson and the law firm where they work, Perkins Coie LLP, should not be dismissed for

4   failure to state a claim.

5             **I.**        <u>**FACTS FROM THE COMPLAINT AND OTHER PUBLIC RECORDS**</u>

6           The Court has carefully reviewed the Complaint and is familiar with the public records in

7   related cases.  Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings

8   liberally and has afforded Plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles*

9   *Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

10          Filed on October 18, 2017, the Civil Rights Complaint in this case asserts 42 U.S.C. §

11  1983 claims against two U.S. District Court Judges Mosman and Hernandez, who presided over

12  cases involving Ms. Fauley, opposing counsel in some of the cases, and the law firm where the

13  lawyers worked.  Dkt. 1.

14          **A.**    **THE DEFENDANTS AND RELATED LITIGATION**

15          As it relates to Judge Mosman, Ms. Fauley's Complaint references *Fauley v. Washington*

16  *Mutual Bank FA, et al.,* U.S. District Court for the District of Oregon case number 3:13-cv-

17  00581-MO.  Dkt. 1, at 2-9.  Judge Mosman was the district court judge assigned to the case, with

18  a temporary referral to a magistrate judge.  *Id.*  The case arose from Ms. Fauley's dispute with

19  various loan servicers related to a mortgage on property commonly known as 12125 SE

20  Laughing Water Road, Sandy, OR 97055 ("subject property").  *Fauley v. Washington Mutual*

21  *Bank FA, et al.,* U.S. District Court for the District of Oregon case number 3:13-cv-00581-MO,

22  Dkts. 1 and 33.  After appointment of counsel for the limited purpose of helping her file a

23  proposed amended complaint, on November 4, 2014, Judge Mosman granted the Defendants'

24

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, DISMISSING SOME CLAIMS, AND ORDERING PLAINTIFF TO SHOW CAUSE WHY REMAINING CASE SOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM - 2

1  motions to dismiss, and the case was dismissed with prejudice for failure to state a claim and
2  without leave for further amendment. *Fauley v. Washington Mutual Bank FA, et al.,* U.S.
3  District Court for the District of Oregon case number 3:13-cv-00581-MO, Dkt. 73. The case was
4  closed. *Id.* Ms. Fauley's motion for relief from the judgment was denied on August 4, 2015.
5  *Fauley v. Washington Mutual Bank FA, et al.,* U.S. District Court for the District of Oregon case
6  number 3:13-cv-00581-MO, Dkt. 91. Ms. Fauley did not file an appeal.

7       The Complaint in this case also discusses Judge Mosman's decisions in *Subramaniam v.*
8  *Beal,* U.S. District Court for the District of Oregon case number 3:12-cv-01681-MO (a case
9  between Denise Subramaniam and various loan servicers) and *LNV Corporation v.*
10 *Subramaniam,* U.S. District Court for the District of Oregon case number 3:14-cv-01836-MO (a
11 judicial foreclosure case that did not involve Ms. Fauley).

12      As it relates to the claims against Judge Hernandez, the Complaint references a judicial
13 foreclosure case over which Judge Hernandez presided, *LNV Corporation v. Fauley,* U.S.
14 District Court for the District of Oregon case number 3:15-cv-01422-HZ, against Ms. Fauley.
15 Dkt. 1. On April 18, 2016, summary judgment was granted in the lender's (LNV Corporation)
16 favor and against Ms. Fauley. *LNV Corp. v. Fauley*, U.S. District Court for the District of
17 Oregon case number 3:15-cv-01422, Dkt. 52. After Ms. Fauley filed for Chapter 13 bankruptcy
18 relief and then voluntarily dismissed her bankruptcy petition, judgment was entered against her
19 on July 18, 2016. *LNV Corp. v. Fauley*, U.S. District Court for the District of Oregon case
20 number 3:15-cv-01422, Dkts. 54, 58-1, 58-2, and 65. On July 25, 2016, Ms. Fauley appealed the
21 summary judgment decision and judgment to the Ninth Circuit Court of Appeals. *LNV Corp. v.*
22 *Fauley*, U.S. District Court for the District of Oregon case number 3:15-cv-01422, Dkt. 71.
23
24

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, DISMISSING SOME CLAIMS, AND
ORDERING PLAINTIFF TO SHOW CAUSE WHY REMAINING CASE SOULD NOT BE DISMISSED FOR
FAILURE TO STATE A CLAIM - 3

On October 6, 2017, the Ninth Circuit Court of Appeals issued a Memorandum Opinion, affirming the district court's summary judgment decision and judgment against Ms. Fauley. *LNV Corporation v. Fauley*, Ninth Circuit Court of Appeals case number 16-35593, Dkt. 58. The mandate has not yet issued.

In regard to the other Defendants named in this case, Ms. Fauley makes § 1983 claims in this case against three attorneys (Erick J. Haynie, Gabrielle D. Richards, and Jeffrey M. Peterson) ("Defendant attorneys") and their law firm, Perkins Coie LLP, who filed the judicial foreclosure case, *LNV Corp. v. Fauley*, U.S. District Court for the District of Oregon case number 3:15-cv-01422-HZ, against Ms. Fauley for LNV Corp. Dkt. 1.

### B. ALLEGATIONS IN THE COMPLAINT

In her Complaint, Ms. Fauley asserts that she is the rightful owner of the subject property. Dkt. 1, at 4. She maintains that Judges Mosman and Hernandez are "not being sued in [their] capacity as a judge[s] but as a private citizen[s]." Dkt. 1, at 2. Ms. Fauley claims that she and Ms. Subramaniam are "members of a class;" and "represent members of that class but because they are pro se litigants they are treated differently than litigants represented by counsel." *Id.*, at 3. In a pleading that appears to be, at least in part, a duplicate of one Ms. Subramaniam filed in *Subramaniam v. Richards,* U.S. District Court for the District of Oregon case number 3:17-cv-1627-RJB, Ms. Fauley maintains that Judges Mosman and Hernandez "deprived [her] of her constitutional rights to due process of law and equal protection of law by acting in opposition to their constitutionally mandated oaths of office specific to their summary decisions." *Id*. She asserts that the "summary decisions were not based on the Constitution and laws of the United States but on their personal biases against [Ms. Fauley] and Ms. Subramaniam as members of a class of homeowners defending their property rights against the false claims of wealthy

1  politically powerful corporate litigants." *Id*. Ms. Fauley maintains that the summary decisions

2  are "null and void." *Id.* She asserts that her cases should be consolidated with Ms.

3  Subramaniam's cases.

4      In the Complaint in this case, Ms. Fauley asserts that the lawyers in the judicial

5  foreclosure case of the subject property, Defendants Richards, Haynie, and Peterson, all filed

6  false documents and "the perjured declaration of MGC employee and Texas attorney Grant

7  Adam Hamilton," which was "false in all respects." Dkt. 1, at 9.  She asserts that these lawyers'

8  "intent for the material misrepresentations in this declaration was to win summary judgment by

9  fraud; which they did." *Id.*

10      Ms. Fauley makes a claims for damages against all Defendants under §1983 "for the

11  deprivation of her constitutional rights, privileges, and immunities secured by the Constitution

12  and laws of the United States." *Id.*, at 10. She asserts that all Defendants conspired together. *Id.*

13  Ms. Fauley also requests appointment of counsel.  Dkt. 1, at 3.

14      The undersigned was assigned to this case on October 26, 2017.  Dkt. 11.

15          **II.**    **DISCUSSION**

16  **A.  *SUA SPONTE* DISMISSAL STANDARD**

17      A federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when

18  it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v.*

19  *Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua*

20  *sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the

21  claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S.

22  296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss a

23  frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint

24

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, DISMISSING SOME CLAIMS, AND
ORDERING PLAINTIFF TO SHOW CAUSE WHY REMAINING CASE SOULD NOT BE DISMISSED FOR
FAILURE TO STATE A CLAIM - 5

is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

### B. REVIEW OF THE COMPLAINT

#### 1. Claims Against Judges Mosman and Hernandez

"Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo,* 297 F.3d 940, 947 (9th Cir. 2002)(*internal quotations omitted*). The immunity "applies however erroneous the act may have been, however injurious in its consequences," and it extends to claims both for damages and for equitable relief. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (internal citations and quotations omitted). There are two exceptions to judicial immunity: (1) where rulings are issued with "a clear absence of jurisdiction," and (2) for non-judicial acts, e.g., conduct unrelated to being a judge. *Id*.

The claims asserted against the judges in the Complaint should be dismissed, because the alleged acts by Defendants Mosman and Hernandez (issuing a rulings on motions) are the kind of acts that judicial immunity shields. Each of the allegations fall squarely under the purview of judicial immunity. The Complaint attempts to circumvent immunity by alleging that Defendants "acted as private citizen[s]" because their rulings were "contrary to the Constitution and law of the United States." It then discusses the judges' application of either the allegations in a complaint or facts (which Plaintiff asserts were fraudulently presented by opposing counsel) to the law. All of Defendants Mosman's and Hernandez's acts complained of here relate to their roles as judges issuing rulings. Some of the issues raised here are on appeal with the Ninth Circuit Court of Appeals, and so this Court is stripped of jurisdiction to consider those issues. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v.*

*Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982)(once a notice of appeal is filed from a final judgment, the district court is generally divested of jurisdiction).

Moreover, no exception to judicial immunity applies. There is no showing that the rulings were issued "with a clear absence of jurisdiction," or that Plaintiff challenges conduct unrelated to their being judges. *Moore,* at 1244. Plaintiff's claims against the judges have no arguable basis in law or fact. The claims against the judges in the Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted and for being frivolous.

Any attempt by Plaintiff to amend the Complaint to state claims against the judges would be futile. Plaintiff should not be given leave to amend.

2. <u>Claims Against the Lawyers and Law Firm</u>

Under 42 U.S.C. § 1983, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). A private lawyer representing a client in the lawyer's traditional adversarial role is not considered a state

1    actor for purposes of § 1983.  *See Simmons v. Sacramento Ctny. Superior Court*, 318 F.3d 1156,

2    1161 (9th Cir. 2003); *See Generally, Miranda v. Clark Cnty., Nevada*, 319 F.3d 465, 468 (9th

3    Cir. 2003).

4          Plaintiff has failed to allege facts sufficient to find that the private lawyers, Richards,

5    Haynie, and Peterson and the law firm Perkins Coie LLP were state actors.  Further, Ms.

6    Fauley's conclusory allegations that the lawyers or the law firm were "conspiring" to deprive her

7    of her constitutional rights are insufficient.  *Id*. Plaintiff should be ordered to show cause, in

8    writing, if any she has, why her claims against the private lawyers, Richards, Haynie, and

9    Peterson and the law firm Perkins Coie LLP should not be dismissed.  Plaintiff's response, if

10   any, should be filed by November 17, 2017.  Failure to respond may result in dismissal of the

11   case.

12         **C.  MOTION FOR APPOINTMENT OF COUNSEL**

13         Normally, if a plaintiff has been granted *in forma pauperis* ("IFP") status, the court may

14   appoint counsel to represent him or her in exceptional circumstances. *Franklin v. Murphy*, 745

15   F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the

16   likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se*

17   in light of the complexity of the legal issues involved.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th

18   Cir. 1983).

19         Ms. Fauley's motion for appointment of counsel (Dkt. 1) should be denied. Plaintiff was

20   not granted IFP.  Moreover, there is no showing of exceptional circumstances.  She has not

21   shown a likelihood of success on the merits.  Ms. Fauley is able to articulate the claims *pro se* in

22   light of the complexity of the legal issues involved.  Appointment of counsel is not warranted

23   here.

24

### III. ORDER

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's claims against Defendant Judges Mosman and Hernandez **ARE DISMISSED WITH PREJUDICE** because they fail to state a claim upon which relief can be granted and are frivolous; Giving Plaintiff leave to amend to assert claims against the judges would be futile;

- By **November 17, 2017**, Plaintiff **IS ORDERED TO SHOW CAUSE**, in writing, if any she has, why the claims asserted against the Defendant private lawyers, Richards, Haynie, and Peterson and the law firm Perkins Coie LLP should not be dismissed for failure to state a claim; and

- Plaintiff's motion for the appointment of counsel (Dkt. 1) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of November, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge