**Nena Cook**, OSB No. 912390
E-mail: nc@aterwynne.com
**Stacey E. Mark**, OSB No. 872949
E-mail: sem@aterwynne.com
**ATER WYNNE LLP**
1331 N.W. Lovejoy Street, Suite 900
Portland, OR 97209-3280
Tel: (503) 226-1191; Fax: (503) 226-0079

Attorneys for Defendants Erick J. Haynie, Gabrielle D. Richards, Jeffrey M. Peterson, and Perkins Coie LLP

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**ROBYNNE A. FAULEY**,

Plaintiff,

v.

**MICHAEL W. MOSMAN; MARCO A. HERNANDEZ; ERICK J. HAYNIE; GABRIELLE D. RICHARDS; JEFFREY M. PETERSON; and PERKINS COIE LLP,**

Defendants.

Case No. 3:17-cv-1656-RJB

**MOTIONS TO DISMISS OF DEFENDANTS ERICK J. HAYNIE, GABRIELLE D. RICHARDS, JEFFREY M PETERSON, AND PERKINS COIE LLP**

**Pursuant to FRCP 8(a), FRCP 9(b), FRCP 12(b)(6), and ORS 31.150(2)(3)**

**ORAL ARGUMENT REQUESTED**

**LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7.1, counsel for Defendants Erick J. Haynie, Gabrielle D. Richards, Jeffrey M. Peterson, and Perkins Coie LLP (collectively, "Attorney Defendants"),

hereby certifies that she conferred telephonically and via e-mail with Plaintiff Robynne A. Fauley, but the parties have been unable to resolve this motion.

**MOTIONS**

Attorney Defendants move the Court for an order as follows:

1. Dismissing Plaintiff's claims against Attorney Defendants for failure to state a claim, pursuant to Fed. R. Civ. P. 8(a), 9(b) and 12(b)(6); and

2. In the alternative, Dismissing Plaintiff's claims against Attorney Defendants pursuant to ORS 31.150(2) and awarding Attorney Defendants their attorney fees pursuant to ORS 31.152(3).

These motions are supported by the following Memorandum in Support and the court file.

**MEMORANDUM IN SUPPORT**

**I. INTRODUCTION**

This case arises out of an underlying foreclosure action against Robynne Fauley, Plaintiff *pro se* in this action. In 2013, Plaintiff filed an action against Washington Mutual Bank, FA, Residential Funding Company, LLC; Deutsche Bank Trust Company Americas; and LNV Corporation for unfair trade practices and fraud related to her residential mortgage. *Complaint ¶¶ 9, 11; see Fauley v. Washington Mutual Bank FA, et al.*, U.S. District Court Case No. 3:13-cv-00581-MO (the "UTPA Case"). Judge Michael W. Mosman presided over the UTPA Case and granted an order dismissing the case with prejudice. *Complaint ¶ 13.*

In 2015, Plaintiff was the named defendant in a foreclosure action entitled *LNV Corporation v. Fauley*, U.S. District Court Case No. 3:15-cv-01422-HZ (the "Foreclosure

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Action"). *Complaint* ¶¶ *9, 11, 13.* Judge Marco A. Hernandez presided over the Foreclosure Action and granted LNV Corporation's motion for summary judgment against Plaintiff. Defendant Perkins Coie LLP represented LNV Corporation in the Foreclosure Action. Defendants Haynie, Richards, and Peterson are attorneys who, at material times, worked at Perkins Coie LLP and on the Foreclosure Action on behalf of LNV Corporation. *Complaint* ¶¶ *5-8.*

While the precise nature and basis of Plaintiff's claims in this case are unclear, it appears that her First Claim for Relief is asserted solely against Judges Mosman and Hernandez under 42 U.S.C. § 1983. *See Complaint at* ¶¶ *19-21 and* 32. By order dated November 3, 2017, this Court dismissed the claims against Judges Mosman and Hernandez with prejudice (Dkt. 13). The Second Claim for Relief is asserted against Attorney Defendants under either Section 1983 or common law fraud. *See Complaint at* ¶¶ *31-32*. In its November 3 Order, the Court ordered Plaintiff to show cause by November 17, 2017, why the claims asserted against Attorney Defendants should not be dismissed for failure to state a claim. *Id.* Because Defendants Haynie and Perkins Coie, LLP must file an appearance by November 8, 2017, all Attorney Defendants now move the court for an Order dismissing all claims against them with prejudice.

## II. ARGUMENT

### A. Plaintiff's Complaint Against Attorney Defendants Must Be Dismissed for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff "must plead a set of facts 'plausibly suggesting (not merely consistent with)'" the elements of her claims. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 968 (9th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[A] complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 867 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**1. Plaintiff Alleges Insufficient Facts to Support a § 1983 Claim.**

Plaintiff's claims against Attorney Defendants appear to be based on an alleged violation of 42 U.S.C. § 1983.[1] Any § 1983 claim against the Attorney Defendants, however, must be dismissed under Fed. R. Civ. P. 12(b)(6).

To state a claim for relief under § 1983, a plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of state law. 42 U.S. § 1983; *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989). A plaintiff must plead, among other things, that each Government-actor defendant, through his or her own individual actions, has violated the Constitution or other federal law. *Iqbal,* 556 U.S. at 676. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (internal punctuation and citations omitted).

To the extent Plaintiff asserts a § 1983 claim against Attorney Defendants, she does not allege the conduct in which each Attorney Defendant allegedly engaged in to deprive her of a constitutional right or how they became state actors. Indeed, she alleges no facts whatsoever to

[1] To the extent Plaintiff is seeking relief against Attorney Defendants under § 1983 (*see Complaint* ¶ *32)*, she alleges that Defendants conspired to deprive her of her constitutional rights. *Complaint* ¶¶ *17, 24.*

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

support her conclusory allegations. Mere conclusions are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678. Plaintiff's § 1983 claim, therefore, must be dismissed. Fed. R. Civ. P. 12(b)(6).

### 2. Plaintiff's § 1983 Claim Against Attorney Defendants Must Be Dismissed Because Attorney Defendants Are Not State Actors

An attorney in private practice representing a client in his or her traditional adversarial role is not a state actor for purposes of § 1983. *Miranda v. Clark Cnty., Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (public defender performing same duties as privately retained lawyer was not state actor for purpose of § 1983); *Subramaniam v. Mosman, et al.*, U.S. District Court Case No. 3:17-cv-01627-RJB, Order dated October 31, 2017, at p. 7 (D. Or. 2017); *Fauley v. Mosman, et al.*, U.S. District Court Case No. 3:17-cv-01656-RJB, Order dated November 3, 2017, at pp. 7-8 (D. Or. 2017). A plaintiff's conclusory allegations that lawyers in private practice conspired with judges to deprive a litigant of her constitutional rights is insufficient to consider the lawyer a state actor under § 1983. *Id.; Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Schucker v. Rockwood*, 846 F.2d 1202, 1204-1205 (9th Cir.), *cert. denied,* 488 U.S. 995 (1988). Moreover, "[m]erely resorting to the courts and being on the winning side of a lawsuit does not make a private party a joint actor with the judge." *Schucker*, 846 F.2d at 1205 (citations omitted).

Plaintiff bases her § 1983 claim on the rulings entered against her in the UTPA Case and Foreclosure Action. *Complaint* ¶¶ *11-21*. To the extent she is asserting a § 1983 claim against the Attorney Defendants, she relies solely on an alleged conspiracy between Defendant Hernandez and the "other Defendants." *Complaint* ¶¶ *17, 22.* She identifies no constitutional deprivation and alleges no facts supporting state action on the part of any Attorney

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Defendant. Such allegations are insufficient to state a claim under § 1983. *Miranda,* 319 F.3d at 468; *Simmons*, 318 F.3d at 1161; *Schucker,* 846 F.2d at 1204-1205.

Plaintiff alleges no facts to qualify Attorney Defendants as state actors for the purpose of a § 1983 claim. As the Attorney Defendants were mere private attorneys for the prevailing parties in the underlying cases, Plaintiff fails to state a claim under § 1983 against Attorney Defendants.

### 3. Attorney Defendants Are Immune From Tort Liability Under Oregon Law

Plaintiff's Second Claim for Relief against Attorney Defendants is for common law fraud. Such a claim cannot lie against Attorney Defendants because their alleged conduct is absolutely privileged under Oregon law.

"Oregon courts have long recognized, and enforced, an absolute privilege for statements in the course of or incident to judicial and quasi-judicial proceedings. That privilege applies equally to parties to such proceedings and to their attorneys." *Mantia v. Hanson,* 190 Or. App. 412, 429, 79 P.3d 404 (2003). The absolute privilege applies to any tort action based on statements made in connection with a judicial proceeding, including statements contained in pleadings. *Wollam v. Brandt*, 154 Or. App. 156, 162 n.5, 961 P.2d 219 (1998) (absolute privilege applies to any tort proceeding based on statements made in connection with a judicial proceeding); *Moore v Sater,* 215 Or. 417, 419, 335 P.2d 843 (1959) (absolute privilege applies to statements made in pleadings filed in a judicial proceeding). The privilege is based upon "a public policy of securing to attorneys . . . the utmost freedom in their efforts to secure justice for their clients." Moreover, it applies even if the challenged statements are alleged to be defamatory or knowingly false and made with intent to cause harm. *Chard v. Galton*, 277 Or.

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

109, 112, 559 P.2d 1280 (1977) (citing Restatement of the Law of Torts § 586, comment a); *McKinney v. Cooper*, 163 Or. 512, 518, 98 P.2d 711 (1940).

To be subject to the privilege, a communication need only have "some reference" to the subject matter of the litigation. *Id.*. The determination of whether the statements had "some reference" to the litigation or any issue involved therein is a question of law. *McKinney*, 163 Or. at 519.

Here, although the nature and basis of Plaintiff's Second Claim for Relief is not entirely clear, it appears to be premised on the notion that Defendant Attorneys assisted LNV Corporation in perpetrating a fraud by submitting evidence containing forged signatures and perjured testimony. *See Complaint* ¶¶ *25- 31.* Plaintiff also contends that Defendant Haynie misrepresented to the court in the Foreclosure Action that Plaintiff admitted LNV Corporation possessed the original note. *Complaint* ¶ *15.* As all such statements were made by Defendant Attorneys in a judicial proceeding, they are absolutely privileged and cannot provide the basis for Plaintiff's fraud claim. *Mantia*,190 Or. App. at 429.

**4. Plaintiff Has Not Alleged Facts to Support Each Element of a Fraud Claim Under Fed. R. Civ. P. 9(b), Nor Met the Pleading Requirements Under Fed. R. Civ. P. 8.**

Fed. R. Civ. P. 8(a)(2) requires every claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, it must contain factual allegations sufficient to "raise a right to relief above the speculative level," assuming all of Plaintiff's allegations are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To overcome the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*,

quoting 5 C. Wright & A. Miller, Federal Practice and Procedure§ 1216, pp. 235-236 (3d ed. 2004). In addition, when asserting a claim for fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b).

Under Oregon law, the elements of a fraud claim are (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the representation's falsity or ignorance of its truth; (5) intent that the representation be acted on in a manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on its truth; (9) the hearer's right to rely; and (9) damage. *Musgrave v. Lucas*, 193 Or. 401, 410, 238 P.2d 780 (1951)." The Ninth Circuit has stated that under Fed. R. Civ. Proc. 9(b) "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp, USA,* 317 F.3d 1097, 1106 (9th Cir. 2003). The requirement to state "the circumstances constituting fraud" under Rule 9(b) means that the allegations must state why the statement complained of was false or misleading. *Spencer v. DHI Mortg. Co., Ltd.*, 642 F. Supp.2d 1153, 1164 (E.D. Calif. 2009).

Plaintiff's Second Claim for Relief fails to meet the foregoing standards. In support of her fraud claim, the conduct Plaintiff attributes to Attorney Defendants is representing LNV Corporation in two foreclosure actions, one against Plaintiff in state court, and another against a different party in federal court, and conspiring "to separate the related foreclosure cases between state and federal court to obstruct justice and deprive Plaintiff and Ms. Subramanian of their civil rights as victims of the same scheme and artifice to defraud."[2] *Complaint* ¶ *24.* Plaintiff does

[2] Plaintiff's allegation regarding the state court filing is contradicted elsewhere in the *Complaint*, where she identifies a federal court case entitled *LNV Corporation v. Subramaniam*, U.S. District Court Case No. 3:14-cv-01836-MO. *See Complaint* ¶ *9.*

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

not explain how the purported filing of these cases in separate courts meets any of the elements of, or otherwise constitutes fraud. Therefore, it fails to satisfy the requirements of Fed. R. Civ. P. 8(a) or 9(b).

Plaintiff further alleges that various endorsements and assignments by non-parties on recorded documents pertaining to Plaintiff's property in the Foreclosure Action were invalid (*see Complaint ¶¶ 26-29)*, and that Attorney Defendants filed a declaration of a non-party mortgage employee in the foreclosure that contained perjured testimony. *Complaint ¶ 30.* Even if these allegations are presumed true, Plaintiff alleges no facts to attribute such third-party conduct to Attorney Defendants.

Lastly, Plaintiff contends that Defendant Haynie misrepresented to the court in the Foreclosure Action that Plaintiff admitted LNV possessed the original note. *Complaint ¶ 15.*

Plaintiff fails to allege that Attorney Defendants knowingly made any false representation or procured any false evidence or testimony that resulted in an adverse judgment against her in the Foreclosure Action.[3] Plaintiff alleges that she disputed the authenticity of the note in the Foreclosure Action. That issue was necessarily resolved in favor of LNV Corporation because the court granted LNV's summary judgment motion against Plaintiff in the Foreclosure Action, and the trial court ruling was affirmed on appeal. *Complaint ¶¶ 11, 14, 21.*

Here, Plaintiff alleges no facts connecting Attorney Defendants to any purported defects in the evidence below. To the contrary, she merely asserts the conclusory allegation that Attorney Defendants participated "in their client's scheme and artifice to defraud." *Complaint*

---

[3] As discussed above, Defendant Attorneys are immune from tort suits for statements made orally and in documents filed incident to a judicial proceeding.

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

¶ *31*. Having identified no facts describing the "who, what, when, where, and how" of any alleged misconduct by Attorney Defendants, the Court must dismiss Plaintiff's Second Claim for Relief. Fed. R. Civ. P. 8(a); 9(b); 12(b)(6).

### B. Plaintiff's Second Claim for Relief for Fraud Against Attorney Defendants Is a "SLAPP" Suit Which Should Be Dismissed Pursuant to ORS 31.150.

A special motion to strike is treated "as a motion to dismiss under ORCP 21 A and requires the court to enter a 'judgment of dismissal without prejudice.'" *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir. 2009) (applying Oregon law); ORS 31.150(1). In making a determination on a special motion to strike, "the court shall consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." ORS 31.150(4). "A defendant who prevails on a special motion to strike made under ORS 31.150 *shall* be awarded reasonable attorney fees and costs." ORS 31.152(3) (emphasis added).

A special motion to strike any claim may be made under ORS 31.150 if the civil action arises out of the following:

(a) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

(b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

(c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or

(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

ORS 31.150(2)(a)-(d).

"A SLAPP suit is one in which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant that are protected by the federal or state constitutions." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003). In response to a SLAPP suit, a defendant in federal court may file a special motion to strike under an applicable Anti-SLAPP statute. *See Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206-07 (9th Cir. 2005). Oregon's Anti-SLAPP provisions "permit a defendant who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage." *Staten v. Steel*, 222 Or. App. 17, 27, 191 P.3d 778 (2008).

**1. Attorney Defendants Meet Their Initial Burden.**

Analysis of a special motion to strike is a two-step process. "[T]he defendant has the initial burden to show that the challenged statement is within one of the categories of civil actions described in [ORS] 31.150(2)." *Gardner*, 563 F.3d at 986. If the defendant meets the initial burden, then "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." ORS 31.150(3).



ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

In this case, Plaintiff's Second Claim for Relief is premised entirely on oral and written statements and other documents submitted in the Foreclosure Action – a judicial proceeding. *See Complaint* ¶¶ *24-31.* Such statements are protected activities under Oregon's Anti-SLAPP statute. ORS 31.150(2)(a); *Voltage Pictures, LLC v. Blake*, 2015 WL 9272880, at *5 (D. Or. 2015) (granting special motion to strike premised on abuse of process counterclaim as it "necessarily arises out of oral and written statements made in connection with a judicial proceeding."). Accordingly, Attorney Defendants have met their initial burden of showing that the challenged statement is within one of the categories of civil actions described in ORS 31.150(2).

**2. Plaintiff Cannot Prevail on Her Claim.**

At the second step of the anti-SLAPP inquiry, the burden shifts to Plaintiff to show a probability of success. *See* ORS 31.150(3). To satisfy this second prong, Plaintiff "must show a 'reasonable probability' of prevailing in [her] claims for those claims to survive dismissal." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). The court is to consider "pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." ORS 31.150(4).

As set forth above, Plaintiff's fraud claim fails for two reasons – first, the statements made orally and in pleadings filed in the Foreclosure Action are absolutely privileged and cannot support a fraud claim against Attorney Defendants. *Mantia*, 190 Or. App. at 429. Second, Plaintiff identifies no actionable misconduct by any of the Attorney Defendants. Given these hurdles, Plaintiff cannot possibly meet her burden of showing that "there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

case." ORS 31.150(3). *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 264 (9th Cir. 2013) (noting that if the statements at issue are protected by litigation privilege, then the plaintiff has no probability of success on the merits and a special motion to strike should be granted). Accordingly, Plaintiff's Second Claim for Relief for fraud against Attorney Defendants should be dismissed pursuant to ORS 31.150, *et seq*., and the Court should award Attorney Defendants their costs and reasonable attorney fees incurred in bringing this motion.

## III. CONCLUSION

For the foregoing reasons, the court should grant Attorney Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 8(a), 9(b) and 12(b)(6) with prejudice; or in the alternative, granting the motion pursuant to ORS 31.150, and award Attorney Defendants their reasonable attorney fees and costs.

**DATED** this 8th day of November, 2017.

**ATER WYNNE LLP**

By: *s/ Nena Cook*
Nena Cook, OSB No. 912390
Email: nc@aterwynne.com
Stacey E. Mark, OSB #872949
E-mail: sem@aterwynne.com
Tel: (503) 226-1191; Fax: (503) 226-0079

Attorneys for Defendants Erick J. Haynie, Gabrielle D. Richards, Jeffrey M. Peterson, and Perkins Coie LLP

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **MOTIONS TO DISMISS OF DEFENDANTS ERICK J. HAYNIE, GABRIELLE D. RICHARDS, JEFFREY M. PETERSON, AND PERKINS COIE LLP** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons:

Robynne A. Fauley
12125 SE Laughing Water Road
Sandy, OR 97055
Telephone: (503) 381-6937

Plaintiff *Pro Se*

DATED this 8th day of November, 2017.

*s/ Nena Cook*
Nena Cook, OSB No. 912390
Stacey E. Mark, OSB #872949
Attorneys for Defendants Erick J. Haynie, Gabrielle D. Richards, Jeffrey M. Peterson, and Perkins Coie LLP