# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| ROBYNNE FAULEY, | CASE NO. 3:17-cv-01656-RJB |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION TO DISMISS |
| v. | |
| MICHAEL W. MOSMAN, MARCO A. HERNADEZ, ERICK J. HAYNIE, GABRIELLE D. RICHARDS, JEFFERY M. PETERSON, PERKINS COIE, LLP, | |
| Defendants. | |

THIS MATTER comes before the Court on Defendants Erick J. Haynie, Gabrielle D. Richards, Jeffrey M. Peterson, and Perkins Coie LLP's ("Defendant attorneys and law firm") Motion to Dismiss. Dkt. 16. The Court has reviewed the pleadings filed regarding the motion, the remaining file, and is fully advised.

Filed on October 18, 2017, the Civil Rights Complaint in this case asserted 42 U.S.C. § 1983 and fraud claims against two U.S. District Court Judges, Michael Mosman and Marco Hernandez, who presided over cases involving the *pro se* Plaintiff, Robynne Fauley, and the

ORDER ON DEFENDANTS' MOTION TO DISMISS - 1

three attorneys and law firm, who filed the judicial foreclosure case, *LNV Corp. v. Fauley*, U.S. District Court for the District of Oregon case number 3:15-cv-01422-HZ, against Ms. Fauley for LNV Corp. Dkt. 1. On November 3, 2017, all claims asserted against Defendant Judges Mosman and Hernandez were dismissed with prejudice. Dkt. 13.

The Defendant attorneys and law firm now move for dismissal of the claims asserted against them and for an award of attorneys' fees and costs. Dkt. 13. For the reasons provided herein, all claims asserted against the Defendant attorneys and law firm should be dismissed, and attorneys' fees and costs awarded.

### I. FACTS AND PROCEDURAL HISTORY

#### A. RELATED LITIGATION

As it related to Judge Mosman, Ms. Fauley's Complaint referenced *Fauley v. Washington Mutual Bank FA, et al.,* U.S. District Court for the District of Oregon case number 3:13-cv-00581-MO ("Washington Mutual case"). Dkt. 1, at 2-9. Judge Mosman was the district court judge assigned to the case, with a temporary referral to a magistrate judge. *Id.* The case arose from Ms. Fauley's dispute with various loan servicers related to a mortgage on property commonly known as 12125 SE Laughing Water Road, Sandy, OR 97055 ("subject property"). Washington Mutual case, Dkts. 1 and 33. After appointment of counsel for the limited purpose of helping her file a proposed amended complaint, on November 4, 2014, Judge Mosman granted the Defendants' motions to dismiss, and the case was dismissed with prejudice for failure to state a claim and without leave for further amendment. Washington Mutual case, Dkt. 73. The case was closed. *Id.* Ms. Fauley's motion for relief from the judgment was denied on August 4, 2015. Washington Mutual case, Dkt. 91. Ms. Fauley did not file an appeal.

The Complaint in this case also discussed Judge Mosman's decisions in *Subramaniam v. Beal,* U.S. District Court for the District of Oregon case number 3:12-cv-01681-MO (a case between Denise Subramaniam and various loan servicers) and *LNV Corporation v. Subramaniam,* U.S. District Court for the District of Oregon case number 3:14-cv-01836-MO (a judicial foreclosure case that did not involve Ms. Fauley).

As it related to the claims against Judge Hernandez, the Complaint referenced a judicial foreclosure case over which Judge Hernandez presided, *LNV Corporation v. Fauley,* U.S. District Court for the District of Oregon case number 3:15-cv-01422-HZ ("LNV case"), against Ms. Fauley. Dkt. 1. On April 18, 2016, summary judgment was granted in the lender's (LNV Corporation) favor and against Ms. Fauley. LNV case, Dkt. 52. After Ms. Fauley filed for Chapter 13 bankruptcy relief and then voluntarily dismissed her bankruptcy petition, judgment was entered against her on July 18, 2016. LNV case, Dkts. 54, 58-1, 58-2, and 65. On July 25, 2016, Ms. Fauley appealed the summary judgment decision and judgment to the Ninth Circuit Court of Appeals. LNV case, Dkt. 71.

On October 6, 2017, the Ninth Circuit Court of Appeals issued a Memorandum Opinion, affirming the district court's summary judgment decision and the judgment against Ms. Fauley. *LNV Corporation v. Fauley*, Ninth Circuit Court of Appeals case number 16-35593, Dkt. 58. The mandate has not yet issued.

**B. ALLEGATIONS IN THE COMPLAINT**

In her Complaint, Ms. Fauley asserts that she is the rightful owner of the subject property. Dkt. 1, at 4. She maintains that Judges Mosman and Hernandez are "not being sued in [their] capacity as a judge[s] but as a private citizen[s]." Dkt. 1, at 2. Ms. Fauley claims that she and Ms. Subramaniam are "members of a class;" and "represent members of that class but because

they are pro se litigants they are treated differently than litigants represented by counsel." *Id.*, at 3. In a pleading that appears to be, at least in part, a duplicate of one Ms. Subramaniam filed in *Subramaniam v. Richards,* U.S. District Court for the District of Oregon case number 3:17-cv-1627-RJB, Ms. Fauley maintains that Judges Mosman and Hernandez "deprived [her] of her constitutional rights to due process of law and equal protection of law by acting in opposition to their constitutionally mandated oaths of office specific to their summary decisions." *Id*. She asserts that the "summary decisions were not based on the Constitution and laws of the United States but on their personal biases against [Ms. Fauley] and Ms. Subramaniam as members of a class of homeowners defending their property rights against the false claims of wealthy politically powerful corporate litigants." *Id*. Ms. Fauley maintains that the summary decisions are "null and void." *Id.*

Ms. Fauley further asserts that the lawyers in the judicial foreclosure case of the subject property (*LNV Corp. v. Fauley*, U.S. District Court for the District of Oregon case number 3:15-cv-01422-HZ) Defendants Richards, Haynie, and Peterson, all filed false documents and "the perjured declaration of MGC employee and Texas attorney Grant Adam Hamilton," which was "false in all respects." Dkt. 1, at 9. She asserts that these lawyers' "intent for the material misrepresentations in this declaration was to win summary judgment by fraud; which they did." *Id.*

Ms. Fauley makes a claims for damages against under §1983 "for the deprivation of her constitutional rights, privileges, and immunities secured by the Constitution and laws of the United States" and for fraud. *Id.*, at 10. She asserts that all Defendants conspired together. *Id.*

**C. PROCEDURAL HISTORY AND PENDING MOTION**

The undersigned was assigned to this case on October 26, 2017. Dkt. 11.

ORDER ON DEFENDANTS' MOTION TO DISMISS - 4

In their motion to dismiss, the Defendant attorneys and law firm assert that Plaintiff has failed to allege sufficient facts to support a § 1983 claim against them because they did not deprive her of a constitutional right and are not state actors. Dkt. 16. To the extent that Plaintiff asserts a fraud claim against them, Defendants maintain that they are immune from liability under Oregon law and that, in any event, Plaintiff failed to plead fraud with particularity and so the claim should be dismissed. *Id.* Further, Defendants assert that Plaintiff's fraud claim is a "SLAPP" suit, which, under Oregon law, O.R.S. 31.150, should be dismissed and the Defendants should be awarded reasonable attorneys' fees and costs, in accord with their "special motion to strike." *Id.*

The Court issued a warning to Plaintiff regarding the motion to dismiss. Dkt. 17.

Plaintiff filed a response to the motion to dismiss. Dkt. 23. In her response, Plaintiff maintains that the Court erred in dismissing her claims against Judges Mosman and Hernandez because she has asked the U.S. Supreme Court whether Fed. R. Civ. P. 12 (b)(6) and Rule 56 are unconstitutional. *Id.* She again asserts that the judges used those rules to deprive her of a trial by jury. *Id.* Plaintiff argues that "judicial immunity is not absolute," because they acted outside the function of a judge when they improperly granted the motions. *Id.* Plaintiff again asserts that the note and other documents used in both cases (in the Washington Mutual case and LNV case) were "false documents." *Id.* Plaintiff references several other cases involving LNV Corporation, other banks, and mortgage companies, and asserts that all these cases are related to her case because they involved homeowners (who were often *pro se*), mortgages, fraudulent documents, and/or the use of motions to dismiss (Rule 12) or summary judgement motions (Rule 56) to dispose of the cases. *Id.* Plaintiff also points to a civil action brought by several attorneys general against various banks regarding their lending practices and, points to a criminal

ORDER ON DEFENDANTS' MOTION TO DISMISS - 5

proceeding against Loraine Brown in an attempt to show that the documents used in Plaintiff's foreclosure case (the LNV case) were fraudulent. *Id.* (Plaintiff's motions for judicial notice regarding these cases and other matters were stricken as irrelevant on January 29, 2018. Dkt. 49.) Plaintiff asserts that the Defendant lawyers and law firm knew or should have known that the documents offered were not genuine mortgage instruments (in part because of the other nationwide litigation), and so committed fraud. *Id.* Plaintiff maintains that the attorneys are not entitled to any privilege, and then discusses the crime-fraud exception to the attorney client privilege. *Id.* Plaintiff also argues that her fraud claim is not a "SLAPP" suit, and even if it was, she asserts the statute may not be constitutional. *Id.* Plaintiff also filed her "Declaration of Robynne Fauley in Support of Plaintiff's Response in Objection to Defendants' Motion to Dismiss." Dkt. 27.

On January 31, 2018, the Defendant attorneys and law firm replied and argued that they are entitled to dismissal of Plaintiff's claims because she has failed to state a claim under § 1983 and because they are entitled to immunity as to the fraud claim. Dkt. 51. They assert that Plaintiff failed to articulate a viable constitutional challenge to O.R.S. 31.150 and argue that none of the cases she cites support such a challenge. *Id.* Defendants lastly assert that the Court should not consider the exhibits attached to Plaintiff's response or her declaration because they are irrelevant, the documents are inadmissible because they have not been authenticated, and contain hearsay. *Id.*

**D. ORGANIZATION OF OPINION**

This opinion will first address Defendants' contention that the Court should not consider the exhibits attached to Plaintiff's response or her declaration. It will then address Defendants' motion to dismiss Plaintiff's constitutional and fraud claims. It will then turn to Defendants'

motion to strike Plaintiff's fraud claim and their motion for attorneys' fees and costs both pursuant to Oregon's Strategic Lawsuit Against Public Participation ("Anti-SLAPP") statute, O.R.S. 31.15, *et. seq*. Lastly, the opinion will address Plaintiff's further arguments regarding the propriety of dismissing the two federal judges from this case.

## II. DISCUSSION

### A. CONSIDERATION OF EXHIBITS AND DECLARATION

To the extent possible, the Court considered Plaintiff's submissions, in part, to establish the background for this case. The Defendants properly point out that a majority of the exhibits offered are admissible and irrelevant. Further, there is extensive hearsay throughout the pleadings. The Court has already stricken almost 1,000 pages of irrelevant pleadings. Dkt. 49.

### B. STANDARD ON MOTION TO DISMISS

Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

## C. CONSTITUTIONAL CLAIMS ASSERTED UNDER § 1983

Under 42 U.S.C. § 1983, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff's claims against the private lawyers, Richards, Haynie and Peterson, and the law firm Perkins Coie LLP, should be dismissed. A private lawyer representing a client in the lawyer's traditional adversarial role is not considered a state actor for purposes of § 1983. *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *See Generally, Miranda v. Clark Cnty., Nevada*, 319 F.3d 465, 468 (9th Cir. 2003). Further, Plaintiff's conclusory allegations that the lawyers or the law firm were conspiring with federal judges to deprive her of her constitutional rights are insufficient. *Id.* The lawyers and law firm are not state actors, and no constitutional claims may be sustained against them. Plaintiff's claims have no arguable basis in law or fact. The constitutional claims Plaintiff makes in this case are frivolous and fail to state a claim.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). No amendment would cure this core deficiency in the Complaint. No leave to amend should be granted as to this claim.

**D. FRAUD CLAIMS**

To prevail on a fraud claim in Oregon, the plaintiff must allege:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury.

*Wieber v. FedEx Ground Package Sys., Inc.*, 231 Or. App. 469, 480 (2009)(*quoting Conzelmann v. N.W.P. & D. Prod. Co.*, 190 Or. 332, 350 (1950)).

The Defendant attorneys and law firm assert that they are entitled to absolute privilege for statements made in the course of the litigation. Except for wrongful initiation lawsuits, "Oregon courts have long recognized, and enforced, an absolute privilege for statements in the course of or incident to judicial and quasi-judicial proceedings. That privilege applies equally to parties to such proceedings and to their attorneys." *Mantia v. Hanson*, 190 Or. App. 412, 417 (2003). It also applies to statements made in pleadings. *Moore v. Sater,* 215 Or. 417, 419 (1959).

Plaintiff's fraud claim against the Defendant attorneys and law firm should be dismissed. These Defendants are entitled to an absolute privilege based on the statements made in court and in the pleadings. Plaintiff makes no showing that the crime-fraud exception to the attorney client

privilege applies to the absolute privilege Oregon gives to statements made in court and in pleadings.

Further, Plaintiff's fraud claim appears to be a collateral attack on the Ninth Circuit's memorandum decision in the underlying foreclosure case, *LNV Corporation v. Fauley*, Ninth Circuit Court of Appeals case number 16-35593, Dkt. 58. This Court does not have jurisdiction to review decisions of the Ninth Circuit Court of Appeals. In any event, the mandate has not issued, so the issues raised are still before the Ninth Circuit.

No amendment would cure this deficiency in the Complaint. No leave to amend should be granted as to Plaintiff's fraud claim. The Court need not reach the other grounds on Defendants' motion to dismiss the fraud claim. It should be dismissed.

**E. DEFENDANTS' SPECIAL MOTION TO STRIKE AND FOR ATTORNEYS' FEES AND COSTS UNDER OREGON LAW**

1. Special Motion to Strike

Under Oregon's Anti-SLAPP statute, a defendant may make a "special motion to strike against any claim in a civil action that arises out of . . . [a]ny oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding . . ." O.R.S. § 31.150 (1)-(2)(a).

Under O.R.S. § 31.150 (3),

> A defendant making a special motion to strike under the provisions of this section has the initial burden of making a prima facie showing that the claim against which the motion is made arises out of a statement, document or conduct described in subsection (2) of this section. If the defendant meets this burden, the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. If the plaintiff meets this burden, the court shall deny the motion.

ORDER ON DEFENDANTS' MOTION TO DISMISS - 10

Oregon's anti-SLAPP statute requires entry of a judgment of dismissal without prejudice. *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009).

Defendants' special motion to strike Plaintiff's claim for fraud should be granted. As to the first step under O.R.S. § 31.150 (3), Defendants have shown that Plaintiff's fraud claim arises from oral and written statements and documents submitted in a judicial proceeding (federal court).

Turning to the second step under O.R.S. § 31.150 (3), the evidence Plaintiff offered is viewed in the light most favorable to her and reasonable inferences are drawn in her favor. *Schwern v. Plunkett*, 845 F.3d 1241, 1245 (9th Cir. 2017)(*Plotkin v. State Accident Ins. Fund*, 280 Or. App. 812, 816 (2016), *review denied*, 360 Or. 851, 389 P.3d 1141 (2017)). "But where there is a conflict between the parties' proffered factual narratives and evidence," the version most favorable to Plaintiff is adopted "only when it is supported by substantial evidence." *Id*. at 1245 (*internal quotations omitted*). Substantial evidence is "sufficient evidence from which a reasonable trier of fact could find that the plaintiff met its burden of production" to support a prima facie case. *Handy v. Lane Cty*., 360 Or. 605, 622–23 (2016).

Plaintiff has failed to demonstrate that "there is a probability that [she] will prevail" on her fraud claim. She has not submitted "evidence from which a reasonable trier of fact could find that she met her burden of production" to support a prima facie case for fraud. The Defendants have shown that they are entitled to absolute immunity for the documents submitted, and the oral and written statements made in court. *Mantia*, at 417 and *Moore,* at 419.

Plaintiff asserts that the Oregon Anti-SLAPP statute may be unconstitutional by arguing that there may be problems with the statute's requirement of "substantial evidence" being in conflict with the requirement to make a "prima facie" case. Dkt. 23, at 21. She points to a

comment in an *Oracle America, Inc. v. Looper,* Multnomah County, Oregon Circuit Court case no 15-cv-04705; a case from 2015. *Id.* The dicta in *Oracle* was made before the Oregon Supreme Court clarified the standard in *Handy v. Lane Cty.*, 360 Or. 605 (2016). The *Handy* court explained,

> If a defendant makes a prima facie showing, then the burden shifts to the plaintiff to submit sufficient evidence to make its prima facie case; that is, the plaintiff must submit sufficient evidence from which a reasonable trier of fact could find that the plaintiff met its burden of production. In using terms like "probability" and "substantial evidence," the legislature did not intend to require a plaintiff to do more than meet its burden of production. Conversely, the legislature did not intend that a plaintiff could avoid a special motion to strike by doing less than that.

*Handy*, at 622–23. Plaintiff makes no showing that this statute is unconstitutionally vague or violates her due process rights.

The Defendants' special motion to strike under O.R.S. 31.150 Plaintiff's fraud claim should be granted.

2. Motion for Attorneys' Fees and Costs

"A defendant who prevails on a special motion to strike made under O.R.S. 31.150 shall be awarded reasonable attorneys' fees and costs." O.R.S. § 31.152 (3).

In determining that Defendants are entitled to an award of attorneys' fees and costs, the court must consider the factors set forth in O.R.S. § 20.075. *See O'Connor v. Cty. of Clackamas*, 2016 WL 3063869, at *2 (D. Or. May 31, 2016). The factors in O.R.S. § 20.075 (1) are:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
(g) The amount that the court has awarded as a prevailing party fee under O.R.S. 20.190.
(h) Such other factors as the court may consider appropriate under the circumstances of the case.

After considering these eight factors, Oregon law requires consideration of the factors in O.R.S. § 20.075(2). *O'Connor,* at 2. It directs the court to consider the following additional eight factors:

(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the results obtained.
(e) The time limitations imposed by the client or the circumstances of the case.
(f) The nature and length of the attorney's professional relationship with the client.
(g) The experience, reputation and ability of the attorney performing the services.
(h) Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2). "Oregon law further directs that when analyzing these factors, a court should include in its order a brief description or citation to the factor or factors on which it relies. The court, however, ordinarily has no obligation to make findings on statutory criteria that play no role in the court's decision." *O'Connor,* at 2 (*citing McCarthy v. Or. Freeze Dry, Inc*., 327 Or. 185, 190-91 (1998); *Frakes v. Nay*, 254 Or. App. 236, 255 (2012)).

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id*.

ORDER ON DEFENDANTS' MOTION TO DISMISS - 13

The Defendants are entitled to an award of reasonable attorneys' fees and costs. The Defendants have not submitted any documents in support of their motion. On or before February 22, 2018, they should do so. Defendants' submission for an award of reasonable attorneys' fees should also include a brief to address the factors set forth in O.R.S. § 20.075, which will be limited to 10 pages, plus exhibits. Plaintiff's response, if any, should be limited to 10 pages, only address the reasonableness of the attorneys' fees, and be filed by March 15, 2018. A reply, if any, should four pages in length and be filed by March 23, 2018.

**F. PLAINTIFF'S ARGUMENTS REGARDING THE DISMISSAL OF THE JUDGES**

Plaintiff's response again asserts that Judges Mosman and Hernandez are liable to her for violation of her constitutional rights. Dkt. 23. She does not make a motion regarding her assertions. In any event, she offers no basis under which to find the Court's ruling, that these judges are entitled to absolute judicial immunity, was in error.

**G. CONCLUSION**

The Defendant lawyers and law firm's motion to dismiss should be granted and Plaintiff's claims against them dismissed. Plaintiff should not be afforded leave to amend because amendment would be futile.

Further, Defendants' special motion to strike Plaintiff's fraud claim should be granted. Defendants are entitled to reasonable attorneys' fees and costs. Defendants' supporting documents their motion for an award of reasonable attorneys' fees should be filed by February 22, 2018. They should include a brief to address the factors set forth in O.R.S. § 20.075, which will be limited to 10 pages, plus exhibits. Plaintiff's response, if any, should be **limited to 10 pages**, only address the reasonableness of the attorneys' fees, and be filed by March 15, 2018. A reply, if any, should four pages in length and be filed by March 23, 2018.

### III. ORDER

Accordingly, it is hereby **ORDERED** that:

- Erick J. Haynie, Gabrielle D. Richards, Jeffrey M. Peterson, and Perkins Coie LLP's Motion to Dismiss (Dkt. 16) **IS GRANTED**;
- Defendants' supporting documents for their motion for attorneys' fees, if any, **SHALL** be filed by **February 22, 2018**. They should also include a brief to address the factors set forth in O.R.S. § 20.075, which will be limited to 10 pages, plus exhibits;
- Plaintiff's response, if any, **SHALL** be limited to 10 pages, only address the reasonableness of the attorneys' fees, and be filed by **March 15, 2018**; and
- The Defendants' reply, if any, **SHALL** be limited to four pages in length and be filed by **March 23, 2018**,

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of February, 2018.

ROBERT J. BRYAN
United States District Judge